Dismissed and Memorandum Opinion filed June 7, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00414-CR

____________

 

TIMOTHY JOCK MACKENZIE, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 208th
District Court 

Harris County, Texas

Trial Court Cause No. 1294346

 



 

MEMORANDUM
 OPINION

Appellant entered a guilty plea to injury to a disabled
individual.  In accordance with the terms of a plea bargain agreement with the
State, the trial court sentenced appellant on March 30, 2011, to confinement
for two years in the Institutional Division of the Texas Department of Criminal
Justice.  Appellant filed a pro se notice of appeal.  We dismiss the appeal. 

No motion for new trial was filed.  Appellant’s notice of
appeal was not filed until May 6, 2011.

A defendant’s notice of appeal must be filed within thirty
days after sentence is imposed when the defendant has not filed a motion for
new trial.  See Tex. R. App. P. 26.2(a)(1).  A notice of appeal which
complies with the requirements of Rule 26 is essential to vest the court of
appeals with jurisdiction.  Slaton v. State, 981 S.W.2d 208, 210 (Tex.
Crim. App. 1998).  If an appeal is not timely perfected, a court of appeals
does not obtain jurisdiction to address the merits of the appeal.  Under those
circumstances it can take no action other than to dismiss the appeal.  Id.

Furthermore, the trial court entered a certification of the
defendant’s right to appeal in which the court certified that this is a plea
bargain case, and the defendant has no right of appeal.  See Tex. R. App. P. 25.2(a)(2).  The trial court’s certification is included
in the record on appeal.  See Tex.
R. App. P. 25.2(d).  The record
supports the trial court’s certification.  See Dears v. State, 154
S.W.3d 610, 615 (Tex. Crim. App. 2005).

For these reasons, we dismiss the appeal.  

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Seymore and Boyce.

Do Not Publish — Tex. R. App. P. 47.2(b)